**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BALDY PRINCETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 1942 |
| | ) |
| LOWE'S HOMES CENTERS, INC., | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the court on the motion of defendant Lowe's Home Centers, Inc. ("Lowe's") to dismiss plaintiff Baldy Princeton's ("Princeton") amended complaint. For the reasons set forth below, Lowe's motion to dismiss [25] is granted.

**BACKGROUND**

On January 16, 2009, Princeton filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race and national origin. The charge stated:

> I began my employment with Respondent in March 2008. My current position is Customer Sales Associate. In or around December 2008, I applied for several management positions and was not selected.
>
> I believe that I have been discriminated against because of my race, Black and my national origin, Ghanian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

That same day, Princeton requested the EEOC issue a right to sue letter. On January 26, 2009, the EEOC issued that letter. On March 30, 2009, Princeton filed a this lawsuit alleging only a claim of retaliation under Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000 *et. seq.* In

the charge he filed with the EEOC, Princeton had only alleged discrimination based on race and national origin and not a claim of retaliation against Lowe's.

On August 19, 2009, Princeton filed an amended complaint correcting an error in the initial complaint regarding defendant's name, which Princeton had previously and incorrectly stated as being Lowe's Commercial Services rather than Lowe's Home Centers, Inc. Although the amended complaint did not include any additional facts supporting his retaliation claim, Princeton did attach a letter dated June 3, 2009 to his amended complaint setting forth the factual circumstances of his claim.

In that letter, Princeton alleges that on March 1, 2008, Lowe's hired him as a Team Leader in the department for Outside Lawn and Garden in a Maryland store. In or around June 2008, Princeton alleges he was transferred from the Outside Lawn and Garden department to the Tools department. The following week, Princeton alleges that he requested to transfer to store #2301 in Chicago. Princeton alleges that he enrolled in an entry management training program conducted by Lowe's for Team Leaders desiring additional responsibilities. Around December of 2008, Princeton alleges that two management positions became available in store #2301: Outside Lawn and Garden department manager and department manager of PSA. When Princeton inquired about the positions, he claims that a Lowe's human resources representative told him that the positions had already been filled. Around January of 2009, Princeton claims that Lowe's hired a Customer Service department manager without posting the position and additionally eliminated all of the Team Lead positions within the company nationwide. Based

on these facts, Princeton alleges that in and around March of 2009, Lowe's retaliated against him for the charge of discrimination he filed with the EEOC by transferring him from the Tools department to the Inside Garden department without any explanation.

Based upon the allegations set forth in his initial complaint, the amended complaint and letter, Princeton has asserted a retaliation claim against Lowe's. On August 31, 2009, Lowe's filed a motion to dismiss Princeton's claim against them. While Princeton did not file a response to this motion, the court has considered the facts alleged in his EEOC charge of discrimination, initial complaint, amended complaint, and the letter he attached to his amended complaint in considering Lowe's motion to dismiss.

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim sowing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); see also *Doherty v. City of Chicago*, 75 F.3e 318, 322 (7th Cir. 1996).

## DISCUSSION

**I.     EEOC Charge of Discrimination**

Princeton brings his claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et. seq.* As a general rule, a plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). One purpose of this rule is to enable the EEOC to settle the dispute between the employer and the aggrieved employee as well as to provide notice to the employer of the charge(s) against it. *Harper v. Godfrey Co.*, 45 F.3d 143 (7th Cir. 1995). However, the Seventh Circuit has allowed Title VII plaintiffs to proceed with claims not explicitly stated in a charge of discrimination as long as the claim in the complaint "reasonably [could] be expected to grow out of an EEOC investigation of the charge[ ]." *Id.* In applying this standard, claims are not reasonable related unless there is a factual relationship between them, meaning "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Id.*

In *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535 (7th Cir. 2002), the Seventh Circuit held that a retaliation claim did not have a reasonable relation to an EEOC charge asserting discrimination based on race and sex. In that case, the plaintiff had failed to mention any of the elements of a prima facie case of retaliation in his original charge of discrimination, such as complaint of discrimination made to his employer, to whom specifically the complaint was made, or what adverse action allegedly resulted from the complaint. *Id.* at 550. The plaintiff also had failed to check the box indicating retaliation that is provided on the charge of discrimination form. *Id.* The Seventh Circuit held that this precluded the plaintiff from relying on his original charge of discrimination as a basis for his retaliation claim. *Id.*

In the present case, Princeton's charge of discrimination and his initial complaint suffer from the same defects as those that proved fatal to the Title VII plaintiff's claim in *Peters*. The only claim that Princeton made in his charge was discrimination based on race and national origin. The only claim that Princeton asserts in his initial complaint is retaliation. The complaint based on retaliation does not allege the same conduct as the underlying charge of discrimination and as a result, those claims are not reasonably related and cannot support Princeton's retaliation claim. Therefore, Lowe's motion to dismiss the complaint is granted.

## II.    Retaliation Claim in the Amended Complaint

Even if Princeton had properly alleged a claim for retaliation, his claim would still be dismissed as a matter of law for failure to allege facts sufficient to support a prima facie case of retaliation. Princeton's complaint alleges a claim of retaliation only. In order to state a prima facie case of retaliation, an employee must allege: (1) he engaged in statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) despite

5

meeting those legitimate expectations, he suffered a materially adverse employment action and was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008); *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). The failure to set forth any one element of the prima facie case defeats an employee's claim of retaliation. *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 560 (7th Cir. 2004).

Princeton has failed to assert any of the elements required for a prima facie case of retaliation. First, Princeton did not include any facts in his initial complaint to support such a claim. The letter attached to his amended complaint provides additional facts, but despite this addition, Princeton's factual allegations remain insufficient to support his claim of retaliation against Lowe's. The only mention of retaliation in the letter is the statement that "[in] and around March of 2009, the defendant retaliated on this charges and transferred me from Tools Department to inside Garden without any explanation." (Letter ¶ 9.)

To prevail on his retaliation claim, Princeton must establish that he has suffered a materially adverse employment action. While the Seventh Circuit has defined adverse employment action quite broadly, a transfer without any decrease in hours or pay or significant diminution in material duties is legally insufficient to support a retaliation claim. *Atanus*, 520 F.3d at 677. The Seventh Circuit has emphasized that an adverse employment action, while specific to each case, must still be "'materially adverse, meaning more than a mere inconvenience or an alteration of job responsibilities.'" *Hilt-Dyson*, 282 F.3d at 465-66 (quoting *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). Accordingly, "not

6

everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).

In *Atanus*, the plaintiff claimed that her employer retaliated against her by transferring her from a position as a contract specialist to a position as a procurement analyst. *Atanus*, 520 F.3d at 678. Both of these positions were categorized as GS-11 level positions. *Id.* The Seventh Circuit concluded that, without any allegation that the transfer entailed any change in work tasks, geographic location, or restricted her ability to advance within the company, the change in job title alone was insufficient to support a claim of retaliation. *Id.* In *Lucero v. Nettle Creek School*, the plaintiff claimed that the school corporation had retaliated against her by reassigning her to teach English to 7th grade students instead of 12th grade students. *Lucero v. Nettle Creek School*, 566 F.3d 720, 729 (7th Cir. 2009). The Seventh Circuit held that this reassignment did not involve objectively less desirable duties and because the location and subject of work remained the same, it did not amount to adverse employment action. *Id.*

Here, Princeton's transfer from the Tool department to the Inside Garden department within the same store is not sufficient as a matter of law to qualify as an adverse employment action or to support a retaliation claim. Princeton does not allege any facts about the transfer or that it resulted in a change in hours, pay, major job responsibilities, or restricted his ability to advance within the company. As a result, Princeton has not alleged sufficient facts as a matter of law that he suffered a materially adverse employment action to survive a motion to dismiss. Princeton also fails to identify and similarly situated employees who transferred without explanation and who also had filed a charge of discrimination. Without more, this complaint for retaliation fails as a matter of law.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum Opinion and Order, Lowe's motion to dismiss [25] is granted, and the amended complaint is dismissed. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: November 16, 2009